## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **EDWARD C. BARQ, IV** | § | **PLAINTIFF** |
| | § | |
| **V.** | § | **NO. 1:07CV1032-LG-RHW** |
| | § | |
| **COCA-COLA COMPANY and BARQ'S,** | § | |
| **INC.** | § | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER
## DENYING JUDGMENT ON THE PLEADINGS

BEFORE THE COURT is Defendant Barq's, Inc.'s [164] Motion for Judgment on the

Pleadings.  Plaintiff Edward C. Barq, IV, initiated this action for the alleged impermissible use of

his name and signature in connection with Barq's Root Beer.  Barq's, Inc. asks for judgment on the

pleadings and argues (1) there are no individual allegations against it, (2) it was not a party to the

licensing agreement, and (3) it cannot be liable for the acts of co-defendant Coca-Cola Company.

The Court has considered the parties' briefs, the record, and the relevant legal authority.  The

motion is denied.

## FACTS AND PROCEDURAL HISTORY

Plaintiff is the great-grandson of the inventor and original owner of Barq's Root Beer.

According to the Complaint, in 2000, he entered an agreement with Barq's, Inc. and Coca-Cola[1]

for the use of his name and signature in connection with packaging and marketing Barq's Root

Beer.  This licensing agreement expired on December 31, 2006, and was not renewed.

Nevertheless, Plaintiff alleges that Barq's, Inc. continued to display his name and signature on cans

of the root beer.  Plaintiff initiated this action in tort and contract as well as for violations of

Mississippi and federal statutes.  He also seeks permanent injunctive relief prohibiting the use of

---

[1]The main body of the Complaint alleges that the agreement was between Plaintiff and Coca-Cola.  The agreement, attached as Exhibit A to the Complaint, states that Barq's, Inc. is also a contracting party.

his name without consent and an accounting "of all parties licensed to produce, bottle, can, distribute, or otherwise market Barq's Root Beer and of all sales of Barq's Root Beer since January 1, 2007, and the income derived therefrom." (Compl. at 19 (¶LXXXVI)).

## DISCUSSION

The standard for deciding a Rule 12(c) motion for judgment on the pleadings is the same as a Rule 12(b)(6) motion to dismiss. *In Re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. A judgment on the pleadings is appropriate "where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* The pleadings should be construed liberally. *Id.*

Barq's, Inc. argues there are no individual allegations against it, it was not a party to the licensing agreement, and it cannot be held liable for Coca-Cola's actions. Plaintiff responds that he has alleged wrongful conduct on behalf of Barq's, Inc., for which it is individually liable and that this action is not for breach of contract.

First, the Court notes that the Complaint does set forth allegations against Barq's, Inc., as opposed to Coca-Cola. For example, on page six, it alleges that "The Barq's Root Beer product is canned under the authority of Barq's, Inc. . . . Barq's, Inc. has licensed its various licensees and/or

2

franchisees to produce the Barq's Root Beer product. . . ."  (Compl. at ¶¶XXIV-XXVI).  Barq's, Inc. is accused of continuing to print Plaintiff's name and signature on cans of Barq's Root Beer without Plaintiff's consent.  Among other things the Complaint accuses Barq's, Inc. of knowingly invading Plaintiff's privacy, misrepresentation, and false advertising.

Secondly, the licensing agreement, attached to the Complaint as Exhibit A, states that it is an agreement between Plaintiff and "Company."  (Compl. Ex. A at 1).  "Company" collectively refers to Barq's, Inc. and Coca-Cola.  *Id.*  The agreement is signed by a person as "Vice President, Barq's, Inc."  *Id.* at 7.  Therefore, viewed in the light most favorable to Plaintiff, Barq's, Inc. was a party to the expired licensing agreement.

Finally, as the Complaint sets forth allegations against Barq's, Inc. for its individual conduct, the Court need not address Barq's, Inc.'s final argument that it cannot be liable for the acts of Coca-Cola.  The Complaint does not seek liability against Barq's, Inc. solely as a subsidiary of Coca-Cola.  It seeks recovery against Barq's, Inc. for its own actions as alleged in the Complaint.  Viewing the pleadings in the light most favorable to Plaintiff, Barq's, Inc. is not entitled to judgment on the pleadings.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant Barq's, Inc.'s [164] Motion for Judgment on the Pleadings is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 30th day of June, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE